IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAVIER JOSE MENDOZA RODRIGUEZ, | § § | |
| *Petitioner*, | § § § | |
| v. | § § | No. 1:26-CV-01679-DAE |
| COLLINS, *et al.*, | § § § | |
| *Respondents*. | § | |

ORDER FOR SUPPLEMENTAL BRIEFING

Before the Court is Petitioner Javier Jose Mendoza Rodriguez's ("Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("the Petition") (Dkt. # 1), and Federal Respondents' Response (Dkt. # 5). The Court requires further information from the parties before it can rule on the Petition.

In his Petition, Petitioner contends, *inter alia*, that the bond hearing he has received was constitutionally inadequate. (Dkt. # 1 at 5.) However, the Court does not have before it a record of the evidence that the Immigration Judge ("IJ") considered nor a transcript of either bond hearing that is challenged as constitutionally insufficient.

Accordingly, the Court **ORDERS** Federal Respondents to provide the Court with a transcript of Petitioner's June 10, 2026 bond hearing **by 12:00 p.m. on Tuesday, July 28, 2026**. If a transcript is not available, Federal Respondents are instead directed to submit to the Court the audio recordings of the proceedings.

1

The Court further **ORDERS** Federal Respondents to file supplemental briefing to the Court **on or before 12:00 p.m. on Tuesday, July 28, 2026,** addressing the following:

(1)    What burden of proof was applied at Petitioner's bond hearing?

(2)    If the Court determines that it does have jurisdiction to review the constitutional sufficiency of Petitioner's bond hearing, please provide arguments as to whether the bond hearing was constitutionally sufficient.  Federal Respondents are directed to respond to the argument contained in Petitioner's reply (Dkt. # 7).

(3)    If the Court determines that it does have jurisdiction to review the constitutional sufficiency of Petitioner's bond hearing, what standard of review and/or framework is the Court required to apply?

Finally, the Court **ORDERS** Petitioner to file supplemental briefing to the Court **on or before 12:00 p.m. on Tuesday, July 28, 2026,** addressing the following:

(1)    What burden of proof was applied at Petitioner's bond hearing?

(2)    What evidence was presented by Petitioner to the Immigration Judge at Petitioner's June 10, 2026 bond hearing related to flight risk? Petitioner is **DIRECTED** to file this evidence with the Court.

(3)    If the Court determines that it does have jurisdiction to review the constitutional sufficiency of Petitioner's bond hearings, what standard of review and/or framework is the Court required to apply?

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, July 14, 2026.

_____
David Alan Ezra
Senior United States District Judge